UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23232-CIV-MARTINEZ

WENGUI GUO
a/k/a Miles Kwok,

    Plaintiff,

vs.

MIAMI HERALD MEDIA COMPANY,
JAY WEAVER, and SARAH BLASKEY,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Miami Herald Media Company, Jay Weaver, and Sarah Blaskey, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, move for entry of a judgment on the pleadings in their favor and dismissal of the amended complaint and this lawsuit with prejudice. The grounds for this motion are:

1. Rule 12(c) permits the filing of a motion for judgment on the pleadings once the pleadings are closed, as they are in this case.

2. A judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts.

3. A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss and to survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

4. This is an action for defamation. Under Florida law, a statutory condition precedent to the filing of such an action is the provision of a written notice to the prospective defendant(s) stating the specific false and defamatory statements of fact upon which suit is to be based. Defendants' included this defense in their answer. DE 13

5. In this case, Plaintiff has failed, specifically or generally (See Rule 9(c) of the Federal Rules of Civil Procedure) to plead compliance with conditions precedent to suit. See, DE 12 (the Amended Complaint). Further, under Rule 11, Plaintiff cannot in good faith claim to have complied, and the Court can take judicial notice of this under Rule 201 of the Federal Rules of Evidence.

**Memorandum**

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation omitted). See, also, *Cunningham v. Dist. Attorney's Office for Escambia County,* 592 F.3d 1237, 1255 (11th Cir. 2010) (the Court can consider any judicially noticed facts as well.); *Horsley v. Rivera,* 292 F.3d 695 (11th Cir. 2002) (same, in defamation suit). Thus, "[j]udgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). The procedure may be used to attack a party's failure to comply with a condition precedent. *Banks v. Ackerman Security Systems, Inc.,* 2009 WL 974242 (N.D. Ga. 2009). ("Although a party's failure to comply with the mandatory conditions precedent to bringing an

employment action is an affirmative defense, the issue may be raised by a Rule 12 motion when the facts giving rise to the defense are clear from the pleadings.") Further, at least one court has held there is a burden on the plaintiff to affirmatively plead compliance with a condition precedent. *Omni Health Solutions, LLC, v. Zurich American Insurance Company,* 2019 WL 1748114 (M.D. Ga. 2019). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

The Complaint should be dismissed because it fails to allege an essential element to sustain a defamation claim under Florida law - the pre-suit notice, Fla. Stat. §770.01.

**The Complaint Does Not Allege Pre-Suit Notice to Defendant and There Was None.**

A plaintiff seeking to sue a media defendant for defamation must provide pre-suit notice to the defendants. *See* Fla. Stat. §770.01, et seq. To comply with the statute, the notice must identify with particularity each of the statements alleged to be false and defamatory so that the would-be defendant has a full authority to analyze the claims and make corrections as appropriate. *See, e.g., Nelson*, 667 F. Supp. at 1474; *Hulander v. Sunbeam Television Corp.*, 364 So. 2d 845, 847 (Fla. 3d DCA 1978). Notice is a condition precedent to filing suit. *See Carroll-Brufsky v. E.W. Scripps Co.*, No. 2:11-cv-500, 2012 U.S. Dist. LEXIS 49289, at *5 (M.D. Fla. Apr. 9, 2012) (noting that §770.01, Fla Stat. is a "jurisdictional condition precedent") (citing *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950) (same)); *see also Nelson*, 667 F. Supp. at 1473-7.") The burden, under Rule 9, is on the plaintiff to affirmatively plead compliance with a condition precedent. *Omni Health Solutions, LLC, v. Zurich American Insurance Company, supra.* Notice pursuant to §770.01, Fla.

Stat. is a condition precedent to maintaining an action. It is entitled "Notice condition precedent to action or prosecution for libel or slander," and requires that a prospective plaintiff "serve notice in writing on the defendant specifying…the statement which he or she alleges to be false and defamatory." As one court has noted, §770.01 is a "jurisdictional condition precedent." *Carroll-Brufsky v. E.W. Scripps Col,* 2012 U.S. Dist. LEXIS 49278, at *5 (M.D. Fla. 2012).

Guo fails to allege any compliance with §770.01, because he never did. This mandates dismissal. *See* Fed. R. Civ. P.(c); *Laney v. Knight-Ridder Newspapers, Inc.*, 532 Supp. 910, 913 (S.D. Fla. 1982) (dismissing complaint for failure to comply with notice requirements); *Bayliss v. Cox Radio, Inc.*, No. 8:10-cv-1030, 2010 U.S. Dist. LEXIS 111758, at *8-12 (M.D. Fla. Oct. 13, 2010) (plaintiff must generally allege compliance with section 770.01," and "failure to comply with a statutory condition precedent generally requires dismissal")(internal citations omitted). Guo has failed to allege compliance with §770.01. The Court can judicially notice the fact that Guo did not comply, and thus, for example, could not amend his amended complaint to allege compliance..

As a matter of law, one cannot, after filing a lawsuit, subsequently comply with a condition precedent one failed to comply with prior to filing suit. This means Guo cannot now send the statutory notice and then amend his lawsuit. *See, e.g., Gifford v. Bruckner*, 565 So.2d 887, 888 n.1 (Fla. 2d DCA 1990) ("Compliance with section 770.01, where necessary, is a condition precedent to maintaining an action, and one cannot satisfy the statute by providing notice subsequent to filing the complaint. . . . Presumably, therefore, the circuit court dismissed the action without prejudice to *refile* rather than merely to amend.") (emphasis in original).

For these reasons, the amended complaint and this lawsuit should be dismissed with prejudice.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendants
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Sanford L. Bohrer
Sanford L. Bohrer (FBN 160643)
Email: sbohrer@hklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of December 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By: /s/ Sanford L. Bohrer